■ SCHUYLER H. GARLOCK, SR., as Administrator of the Estate of SCHUYLER H. GARLOCK, JR., Deceased, Appellant, v. JAMES V. VROOMAN, an Infant by HOWARD CURTIS, His Guardian ad Litem, Defendant, and ELLIS VAN SCHAICK, JR., an Infant, by HOWARD CURTIS, His Guardian ad Litem, Respondent.— The plaintiff in this action sued the infant drivers of two separate vehicles for alleged negligence causing the death of plaintiff's intestate. The jury found a verdict against both defendants. Later the trial court made an order setting aside the verdict of the jury against the defendant-respondent Ellis Van Schaick, Jr., and dismissed the complaint against him. From that order of dismissal and the judgment entered upon the same the plaintiff has appealed. Plaintiff's intestate was a passenger in an automobile driven by the defendant Vrooman. The drivers of both cars and their occupants were friends, and on the night of the accident they set out in the two cars from Sharon Springs in Schoharie County to the hamlet of Ames for the purpose of meeting some girls. The Vrooman car started first and then was passed by the Van Schaick car. Both vehicles apparently were proceeding at a high rate of speed. Prior to the accident the Vrooman car passed the Van Schaick car and was in the lead when it left the highway and turned over. The defendant Vrooman testified that he was on his right hand side of the road going into a curve just before the accident occurred and lost control of his car, that went into a skid when he tried to avoid hitting a dog which ran out into the road. There was no contact between the Vrooman car and the Van Schaick car, and apparently plaintiff's theory of liability on the part of Van Schaick is that he was driving so fast in the rear of the Vrooman car that the latter did not slow down for the curve because of fear that he would be struck in the rear. This is a rather

extraordinary theory at best but the only direct proof in the record as to the distance between the two cars is that they were between 200 and 300 feet apart just before the accident happened. The claim of the plaintiff therefore had to rest on a speculative inference unsupported by the record. Under the circumstances the trial court was justified in finding that no competent evidence of negligence was shown against the respondent Van Schaick that was a proximate cause of the accident. Order and judgment affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.